# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| MICHAEL L. and JEANNETTE MACKIN, husband and wife; WESLEY L. and MARGARET E. DELANEY, husband and wife; WAYNE and NANCY NASH, husband and wife; SUSAN CLIFF; GERALD and PATRICIA M. FRANK, husband and wife; CHARLES S. and SHIRLEY M. WILKE, husband and wife; RICHARD and NONA BARCLAY, husband and wife; and DAWN C. KETTEL,<br><br>        Plaintiff,<br><br>vs.<br><br>THE CITY OF COEUR D'ALENE; KOOTENAI COUNTY; and WILLIAM J. DOUGLAS, Kootenai County Prosecuting Attorney,<br><br>        Defendants. | Case No. CV06-00430-N-EJL<br><br>**MEMORANDUM ORDER** |

Plaintiffs bring this action against Defendants City of Coeur d'Alene (the "City") and Kootenai County (the "County"),[1] alleging a federal takings violation under 42 U.S.C. § 1983 and three other claims arising under state law. Plaintiffs own beach property along the shore of Lake Coeur d'Alene known as "Sanders Beach." The Plaintiffs' beach property extends to the ordinary high water mark ("OHWM") of Lake Coeur d'Alene. "The State of Idaho owns, in trust for the public, title to the bed of navigable waters below the

---

[1] William J. Douglas, Kootenai County Prosecuting Attorney, was originally named as a defendant, but later was voluntarily dismissed. (Docket No. 19).

**MEMORANDUM ORDER - 1.**

OHWM as it existed on July 3, 1890, when Idaho became a state." In re Sanders Beach, 147 P.3d 75, 78 (Idaho 2006).

In October of 2004, Defendants filed a quiet title action in state district court that joined the Plaintiffs as parties and asked for a declaratory judgment determining the OHWM at Sanders Beach. The state district court entered a preliminary injunction on April 15, 2005 that among other things established a temporary boundary between private and public property that varied from an elevation of 2130 feet to 2134.3 feet. On September 2, 2005, the state district court, on summary judgment, issued a ruling that set the OHWM at an elevation of 2130 feet. The preliminary injunction merged into the state district court's final judgment, and that judgment was appealed. On September 22, 2006, the Idaho Supreme Court vacated and remanded the state district court's judgment after concluding that the OHWM could not have been higher on July 3, 1890 than an elevation of 2128 feet. (Id. at 82, 86).

Subsequently, the Plaintiffs initiated this action in state court and Defendants removed it to federal district court. On their federal claim, Plaintiffs state that the "gravamen of the Plaintiffs' § 1983 claim is that the Defendants effected an uncompensated temporal taking, which violated the Plaintiffs' Fifth Amendment rights." (Pls.' Mem. in Opp'n to Mot. Dismiss at 9-10).[2] In particular Plaintiffs allege that the "Defendants' pursuit of a knowingly

---

[2] In the Complaint, Plaintiffs also allege a § 1983 violation of their procedural and substantive due process rights, (Pls.' Compl. ¶ 44), but as noted above Plaintiffs have since clarified in subsequent pleadings that their claim is limited to a takings violation. See American Title Ins. Co. v. Lacelaw Corp., 861 F.2d 224, 226-27 (9th Cir. 1988) (explaining that statements contained in a brief may be considered admissions of the party). In any event, the case law precludes a plaintiff from presenting what is essentially a takings claims as a violation of

**MEMORANDUM ORDER - 2.**

baseless suit, for the purposes of obtaining temporary access to the Plaintiffs' properties and for political benefit, resulted in the entry of a preliminary injunction authorizing the uncompensated public use of Plaintiffs' properties (lying between elevations 2134.3 and 2128) and a summary judgment certified as final (prospectively authorizing uncompensated public access between elevations 2130 and 2128)." (Id. at 10).

The County moves to dismiss the Plaintiffs' § 1983 claim pursuant to Federal Rule of Civil Procedure 12(b)(6), contending that Plaintiffs have not alleged a valid takings claim. The City also challenges the Plaintiffs' takings claim by way of a motion for summary judgment.[3] The motions are now ripe. Having fully reviewed the record, the Court finds that the facts and legal arguments are adequately presented in the briefs and record. Accordingly, in the interest of avoiding further delay, and because the Court conclusively finds that the decisional process would not be significantly aided by oral argument, this matter shall be decided on the record before this Court without oral argument.

## Standards

On a motion to dismiss, the Court must "take as true all allegations of material fact stated in the complaint and construe them in the light most favorable to the nonmoving party." Warshaw v. Xoma Corp., 74 F.3d 955, 957 (9th Cir.1996). The Court is not required, however, to accept as true allegations that are merely conclusory, unwarranted

---

substantive and/or procedural due process. See e.g., Ventura Mobilehome Communities Owners Ass'n v. City of San Buenaventura, 371 F.3d 1046, 1054-55 (9th Cir. 2004).

[3] Defendants also move for summary judgment on the Plaintiffs' state law claims. (See Docket Nos. 28 & 29).

**MEMORANDUM ORDER - 3.**

deductions of fact, or unreasonable inferences. See Clegg v. Cult Awareness Network, 18 F.3d 752, 754-55 (9th Cir. 1994).

Summary judgment is appropriate if, viewing the evidence in the light most favorable to the nonmoving party, there are no genuine issues of material fact and the moving party is entitled to judgment as a matter of law. Adams v. Synthes Spine Co., 298 F.3d 1114, 1116-17 (9th Cir. 2002).

## Discussion

The "Fifth Amendment of the United States Constitution, which constrains municipalities through its incorporation by the Fourteenth Amendment, states 'nor shall private property be taken for public use, without just compensation.'" Weinberg v. Whatcom County, 241 F.3d 746, 752 (9th Cir. 2001). Plaintiffs contend that Defendants violated the Takings Clause by effecting an uncompensated temporary physical invasion of their beach property and "either alternatively or simultaneously effecting a non-categorical regulatory taking of their respective properties." (Pls.' Mem. in Opp'n to Mot. Dismiss at 13). Under either theory, the Plaintiffs allege that the improper action taken by Defendants was the "determination to file a legally and factually defective" state court quiet title lawsuit "for the purpose of obtaining public access over and onto private property without the concomitant payment of just compensation and for Defendants' own political gain." (Id. at 15).

The notion that a governmental entity can violate the Takings Clause by filing a lawsuit is a novel one. The reported cases on takings jurisprudence deal with a governmental entity's exercise of its inherent power to enact regulation or use eminent

**MEMORANDUM ORDER - 4.**

domain or physically invade an aggrieved parties' property. And indeed, every case cited by Plaintiffs involves one of these factors.[4] For instance, Plaintiffs rely on <u>Nolan v. California Coastal Commission</u>, 483 U.S. 825 (1987); but that case concerns a governmental entity's exercise of *its* power to issue a building permit. Similarly, in two other cases cited by Plaintiffs, <u>Lucas v. South Carolina Coastal Council</u>, 505 U.S. 1003 (1992) and <u>Loretto v. Teleprompter Manhattan CATV Corp.</u>, 458 U.S. 419 (1982), the state legislature was alleged to have effected a taking when exercising *its* power to enact a restrictive state law.

It becomes evident upon review of the case law that a governmental entity is potentially liable under the Takings Clause for the improper use of *its* own inherent powers. On the other hand, where, as here, a governmental entity is a participant in a judicial proceeding that results in a determination by a court as to the scope of property ownership, it is the court that has exercised its power, not the governmental entity. Furthermore, as Defendants correctly note, in the quiet title action the state district court decision did not take property from the Plaintiffs and give it to the public, rather it established as a matter of law the property boundaries as they always had existed. The fact that the Idaho Supreme Court eventually reached a different conclusion as to the precise location of the OHWM does not change the nature of the state court action. As the Wyoming District Court stated when confronted with the same novel theory of takings liability: "[The] act of filing a declaratory judgment action falls outside of the framework of takings jurisprudence." (Aff. of Bruce J.

---

[4] In contrast, Plaintiffs have failed to point to even one case that supports the idea a governmental entity can violate the Takings Clause by filing a court action.

**MEMORANDUM ORDER - 5.**

Castleton in Support of Def. Kootenai County's Mot. Dismiss, Ex. C, <u>Doenz v. Sheridan County, Wyoming</u>, Case No. 98-CV-76-D, at 5 (D. Wyo. June 25, 1999)).

In a effort to avoid this reasoning, Plaintiffs assert that the difference here is that the Defendants' state lawsuit was baseless and without foundation.[5] Assuming, without deciding, that this distinction matters, (<u>see id.</u> (explaining that "[f]iling a lawsuit, even if without authority and injurious, does not amount to 'regulation' necessary to sustain a regulatory takings claim")), the short answer to this contention, of course, is that the state district court found merit in the Defendants' lawsuit.  Although the Idaho Supreme Court ultimately disagreed with certain aspects of the state district court's decision that hardly renders the Defendants' quiet title action frivolous. In this regard, the Court agrees with the Defendants' characterization of Plaintiffs' claim:

> What the Plaintiffs are arguing, essentially, is that because the Idaho Supreme Court sided with them on appeal, then *a fortiori* the Defendants never had the right to seek a judicial determination in the first place, and doing so constituted an uncompensated takings. It is an argument that assumes that the ultimate answer negates the right to have asked the question in the first place. It is a flawed assertion because without the Defendants having asked the question, the Plaintiffs would not have established legal title to the land in dispute, from which they now claim a takings.

(Def. Kootenia County's Reply at 4).

---

[5] On a motion to dismiss, the court "need not assume the truth of legal conclusions cast in the form of factual allegations." <u>United States ex rel. Chunie v. Ringrose</u>, 788 F.2d 638, 643 n. 2 (9th Cir.),

**MEMORANDUM ORDER - 6.**

More specifically, the Plaintiffs' allegation that the OHWM of Lake Coeur d'Alene was a matter of settled law is simply incorrect. On appeal of the Defendants' quiet title action, the Idaho Supreme Court engaged in an exhaustive analysis to determine whether the state district court correctly identified the OHWM at Sanders Beach. In re Sanders Beach, 147 P.3d at 80-83. Such an analysis would not have been necessary if the question being asked already had been answered. Moreover, the uncertainty as to the OHWM is further demonstrated by the extensive litigation in the state district action. As the state district court put it: "The one thing to which the parties agree is that the elevation of the Sanders Beach OHWM in question has not been adjudicated." (Second Aff. of Bruce J. Castleton in Support of Def. Kootenai County's Mot. Dismiss, Ex. A, Memorandum Opinion on Summ. J. at 2).

In sum, the Plaintiffs have not alleged a valid takings claim. The establishment of a temporary OHWM at an elevation of 2130 feet was due to the state district court's exercise of judicial power, and not the exercise of the Defendants' inherent governmental powers. "[G]overnmental bodies should not be held financially accountable (under the Takings Clause) for the unintended, purely fortuitous adverse impact of seeking a judicial determination of rights." (Doenz, Case No. 98-CV-76-D at 5)). This flaw in Plaintiffs' takings claim cannot be cured by an amended complaint. Any attempt by Plaintiffs to amend their complaint would be futile. Therefore, the Plaintiffs' takings claim will be dismissed.

**MEMORANDUM ORDER - 7.**

**Plaintiffs' State Law Claims**

Defendants also challenge the viability of Plaintiffs' state law claims. The Court's jurisdiction over Plaintiffs' state law claims is supplemental in nature. See 28 U.S.C. § 1367(a). Now that Plaintiffs' federal claim is to be dismissed, the Court must consider whether it is appropriate to retain supplemental jurisdiction over the state law claims. See 28 U.S.C. § 1376(c)(3). "'[I]n the usual case in which all federal-law claims are eliminated before trial, the balance of factors . . . will point toward declining to exercise jurisdiction over the remaining state-law claims.'" Acri v. Varian Assoc., Inc., 114 F.3d 999, 1001 (9th Cir.1997) (quoting Carnegie-Mellon Univ. v. Cohill, 484 U.S. 343, 350 n. 7 (1988)).

Here, Plaintiffs' state law claims raise novel and complex issue of Idaho law which the Court finds as a matter of comity should be addressed by the state courts. See Ventura Mobilehome Communities Owners Ass'n v. City of San Buenaventura, 371 F.3d 1046, 1055 (9th Cir. 2004). Accordingly, the Court declines to exercise jurisdiction over Plaintiffs' remaining claims and will remand this action to state court. Id. (dismissing federal takings claim and sending state law claims to state court for adjudication).

**ORDER**

Based on the foregoing, and the Court being fully advised in the premises, it is **HEREBY ORDERED** that Defendant Kootenai County's Motion to Dismiss (docket no. 17) is **GRANTED** and that Defendant City of Coeur d'Alene's Motion for Summary Judgment is **GRANTED** with regard to the Plaintiffs' federal based § 1983 takings claim and that Claim Four of Plaintiffs' Complaint is **DISMISSED with prejudice**.

**MEMORANDUM ORDER - 8.**

**IT IS FURTHER ORDERED** that the Plaintiffs' state law claims and all remaining unresolved motions (docket nos. 28, 29 (in part), 50 & 52) in the above-entitled action are **REMANDED** to the district court of the First Judicial District of the State of Idaho, In and For the County of Kootenai, No. CV-06-7784 and the Clerk shall mail a certified copy of this Order to the Clerk of the aforesaid Idaho state court.

DATED: **March 27, 2008**

Honorable Edward J. Lodge
U. S. District Judge

**MEMORANDUM ORDER - 9.**